UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                  :

ATLANTIC CASUALTY INSURANCE      :
COMPANY,                              :           14 CV 8685 (JPO)

                       Plaintiff,   :           ORDER
                                    :

                     -v-            :

RENTOM CORP. *et al.*.,             :

                    Defendants.  :

------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") brings this action

against Rentom Corporation ("Rentom") and a variety of other parties that are involved in

litigation with Rentom in New York state court.  (Dkt. No. 1.)   Atlantic Casualty seeks a

declaration that it "has no duty to provide coverage, defense, or indemnification to any person or

entity under [its Rentom Policy] for the claims asserted in the [Rentom's state court litigation] or

any other claims arising out of the facts and circumstances at issue therein."  (*Id.* at 26-27.)

Atlantic Casualty has reached consent judgments with those defendants who have appeared in

this case.  (Dkt. Nos. 44, 71, 79.)  It now moves for a default judgment as to the defaulting

parties.  (Dkt. No. 74.)  For the reasons that follow, the motion is granted.


**I.**      **Background**

      The following background facts are taken from the Complaint (Dkt. No. 1) and the

attachments to the motions for default judgment (Dkt. Nos. 74-76.)  Atlantic Casualty issued a

general liability insurance policy to Rentom effective from May 6, 2004, to May 6, 2005.  It cancelled the policy effective December 14, 2004, upon learning that Rentom was not properly licensed.

This action arises from underlying state court litigation involving an allegedly defective condominium construction project.  On or around May 8, 2005, Defendant In House Construction Services, Inc. ("In House") was hired to work on construction of condominiums at 123-125 Baxter Street, New York, New York.  Around September 21, 2005, In House hired Rentom as a subcontractor.  In October 2010, the Board of Managers of the Baxter Street Condominium sued the original sponsors of the condominium, alleging that the condominium was defectively constructed.  Some of those sponsor-defendants filed third-party claims against In House, among others, seeking indemnification and contribution.  In House then filed a further third-party action against Rentom, among others.  Around August 6, 2014, Atlantic Casualty began defending Rentom.

On October 31, 2014, Atlantic Casualty filed this action, which arises under the Court's diversity jurisdiction and seeks a declaration of non-coverage.  Atlantic Casualty reached consent judgments with the majority of the Defendants, including In House, each stipulating that Atlantic Casualty has no duty to cover the Defendant or to satisfy a judgment against Rentom in the state-court lawsuit.  (Dkt. Nos. 44, 71, 79.)

The defaulting Defendants in this suit are Rentom, Comfort Tech Mechanical, Inc., Hodge Metal Corp., Kur Contracting Group Inc., MHM Construction Corp., and Nice Floors Corp.  (Dkt. No. 74.)  Atlantic Casualty alleges that each of these Defendants is or was a corporation organized in New York, each was served through the New York Secretary of State on December 2, 2014, and proof of service was filed on January 13, 2015. (Dkt. Nos. 7-10, 12,

18.)  On November 12, 2015, the Clerk of Court issued a certificate of default, certifying that these Defendants had not filed an answer or otherwise responded to the Complaint.  (Dkt. No. 70.)

On December 21, 2015, in compliance with the Court's individual practices, Atlantic Casualty served copies of the motion, the certificate of default, and a notice warning that the Court may enter a default on each of the relevant Defendants if they did not appear on or before January 15, 2016.  (Dkt. No. 74.)  Atlantic Casualty then moved for a default judgment on January 6, 2016.  Only one Defendant appeared by January 15, 2016—Comfort Tech Mechanical—and no Defendant has subsequently appeared.  (Dkt. Nos. 81-82.)


## II.      Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor."  *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014).  Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.  *Id.* (alterations in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability."  *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).

Atlantic Casualty's Complaint seeks a declaration that it has no duty to defend, cover, or indemnify anyone involved in the Rentom state-court litigation or on any other claims arising out of the facts or circumstances at issue there. In a declaratory judgment case, the party seeking a declaratory judgment must establish "the existence of an actual case or controversy." *MBIA Inc. v. Certain Underwriters at Lloyd's, London*, 33 F. Supp. 3d 344, 354 (S.D.N.Y. 2014) (quoting *Nike Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011); *see Profeta v. Shandell, Blitz, Blitz, & Ashley, LLP*, No. 15-CV-1054, 2015 WL 7288651, at *2 (S.D.N.Y. Nov. 16, 2015). "In deciding whether a plaintiff has stated a claim for declaratory relief, a federal court applies the substantive state law of the forum in which it sits." *MBIA Inc.*, 33 F. Supp. 3d at 355 (quoting *NAP, Inc. v. Shuttletex, Inc.*, 112 F. Supp. 2d 369, 372 (S.D.N.Y. 2000)). Atlantic Casualty assumes that New York law governs these issues, and the relevant Defendants are all New York entities, so the Court will apply New York law.

In New York, the duties to indemnify and to defend are distinct. *Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 252 (S.D.N.Y. 2013) (citing *Fieldston Prop. Owner's Ass'n, Inc. v. Hermitage Ins. Co.*, 16 N.Y.3d 257, 264 (2011)). The duty to defend is "purely contractual," and an insurer is not relieved of that duty unless there is "no possible factual or legal basis on which an insurer's duty to indemnify under any provision of the policy could be held to attach." *Id.* (quoting *Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 82-83 (2d Cir. 2006)) (internal quotation marks omitted). While the duty to defend is ordinarily determined by comparison of the Complaint's allegations with the insurance policy's terms, the duty to indemnify is "contingent on the insured's liability [and] often requires consideration of the factual disputes that are also at issue in the underlying litigation." *Id.* at 252, 261. Nonetheless, the two issues can be determined jointly in a declaratory judgment action where "a

4

decision on the duty to defend . . . produce[s] a definite answer with respect to the duty to indemnify." *Id.* at 261.

In this case, the clear language of the contract provides a definite answer to both questions. *See id.* at 253 ("Under New York law, insurance contracts are interpreted 'to give effect to the intent of the parties as expressed in the clear language of the contract.'" (quoting *Ment Bros. Iron Works Co. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 122 (2d Cir. 2012)). The policy's only named insured is Rentom Corp. (Dkt. No. 75-1 at 5.)  The Complaint alleges that no other party to the state-court lawsuit here could qualify as an insured.  (Dkt. No. 1 ¶ 63.) The policy applies only to property damage or bodily injury caused during the policy period. (Dkt. No. 1 ¶ 79; Dkt. No. 75-1 at 16.)  That policy period ended December 14, 2004, yet In House and Rentom both started work on the Baxter Street condos in 2005.  Accordingly, the policy cannot cover claims for any damages relating to In House or Rentom's work on the Baxter Street condos.  Since there can be no factual or legal basis relating to the state-court lawsuit triggering Atlantic Casualty's duty to indemnify, it has no duty to defend any insured.  (*See also* Dkt. No. 75-1 at 41.)

One party, Comfort Tech, opposes the motion for default judgment.  It does not, however, resist the above analysis.  It simply asserts that it is no longer a party to the underlying state-court action.  Since it has no interest in the case, it requests denial of the motion as to Comfort Tech and dismissal of Comfort Tech from the action.  (Dkt. No. 82.)

Once a party is in default, an opposition to a motion for default judgment is treated as a motion to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. *See, e.g.*, *Ideavillage Prods. Corp. v. Media Brands Co.*, No. 14-CV-6008, 2015 WL 5613263, at *1 n.1 (S.D.N.Y. Sept. 24, 2015) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981));

*Sarafianos v. Shandong Tada Auto-Parking Co.*, No. 13-CV-3895, 2014 WL 1744711, at * 1 (S.D.N.Y. Apr. 29, 2014); *see also Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994). That motion may be granted "for good cause." Fed. R. Civ. P. 55(c). The Second Circuit has specified three criteria for determining whether a party should be relieved from a default: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)).

Comfort Tech's affidavit does not attempt to make the required showing. As to the first prong, it has not justified its failure to file a responsive pleading. It does not deny that it received service of the complaint, even while participating in the underlying state court litigation. Accordingly, the Court deems its default willful. *See id.* at 186-87 (noting that willfulness can be shown through an inference that the default was deliberate); *Guggenheim*, 722 F.3d at 455.

Nor does Comfort Tech make any effort to show that Atlantic Casualty will not be prejudiced by setting aside its default. As Atlantic Casualty observes, Comfort Tech has been a party to the Rentom state court litigation. And Atlantic Casualty only seeks a declaratory judgment as to its insurance duties under the contract with Rentom. Accordingly, granting Comfort Tech's motion and dismissing it from the case may allow Comfort Tech to relitigate this issue in the future, should Comfort Tech return to the state court litigation and bring a claim against Rentom or another party. Comfort Tech makes no attempt to show that such prejudice will not occur.

As to the existence of meritorious defenses, Comfort Tech raises no specific legal arguments. It also offers no suggestion challenging Atlantic Casualty's interpretation of the

6

contract.  It simply asserts that it is "not a proper party to the case at bar" because it has no interest in the case.  (Dkt. No. 82.)  This *might* be a meritorious defense to a default judgment claim.  *See Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.*, -- F. Supp. 3d --, 2015 WL 9487886, at *2 (S.D.N.Y. Dec. 29, 2015).

But that factor is outweighed by the others in this case.  Atlantic Casualty seeks only a declaratory judgment that it need not indemnify or defend Rentom or others from a claim by Comfort Tech in the underlying litigation.  Insofar as Comfort Tech agrees with that point, it is irrelevant whether the declaratory judgment issues or whether Comfort Tech is dismissed.  But insofar as Comfort Tech may wish to contest that point—now or in the future—its defense here is not meritorious.

Finally, the Court notes that this conclusion is consistent with this circuit's "strong preference" for resolving default judgment cases on the merits because of the severity of the sanction.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  Granting Comfort Tech's motion would only lead to a non-merits dismissal of it as a party, even though it offers no opposition to Atlantic Casualty's reading of its contractual duties.

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Rentom Corp., Comfort Tech Mechanical, Inc., Hodge Metal Corp., Kur Contracting Group Inc., MHM Construction Corp., and Nice Floors Corp.

The Clerk is directed to close the motion at docket number 74.  Atlantic Casualty is directed to mail a copy of this Order to the defaulting Defendants and to the New York Secretary of State.

Atlantic Casualty is also directed to file a letter as to the status of the case within one week of the date of this order.

SO ORDERED.


Dated:  April 22, 2016
        New York, New York

_____
            J. PAUL OETKEN
        United States District Judge